**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ROBIN CROSS and EVAN CROSS          )
                                    )
                                    )
                                    )
                 Plaintiffs,        )
                                    )
        v.                          )          C.A. No. S24C-06-014 CAK
                                    )
SUSAN DAVIS, CRNA, SCOTT            )          TRIAL BY JURY OF
KNOWLTON, DO, DELAWARE              )          TWELVE DEMANDED
ANESTHESIA ASSOCIATES, P.A.,        )
and BEEBE HEALTHCARE, INC.          )
                                    )
                                    )
                 Defendants.        )

Submitted: October 11, 2024
Decided: October 15, 2024

## ORDER

On October 7, 2024, defendants Susan Davis, CRNA, Scott Knowlton, DO,[1] and Delaware Anesthesia Associates, P.A. (the "Anesthesia Providers") filed a Motion for Review of the Affidavit of Merit ("Motion 1") in the above-captioned case.

---

[1] The caption of the pleadings refers to Scott Knowles, DO, but the correct name appears to be Scott Knowlton, DO. The caption has been changed.

1

On October 11, 2024, defendant Beebe Healthcare, Inc. ("Beebe") filed a Motion for Review of the Affidavit of Merit ("Motion 2") in the above-captioned case.

The Anesthesia Providers and Beebe shall collectively be referred to as "Defendants" and Motion 1 and Motion 2 shall collectively be referred to as the "Motions." The Motions pertain to the Affidavit of Merit filed under seal with me by John T. Pearson, DNP, FNP – BC ("Affiant") on August 21, 2024 (the "Affidavit").

The Complaint, filed on June 7, 2024, alleges medical negligence by Defendants. Generally, the Complaint alleges injuries to Plaintiff, Robin Cross, resulting from anesthesia services provided to her on June 13, 2022 by the Anesthesia Providers. As to Beebe, it appears that vicarious liability for the negligence of the Anesthesia Providers is being asserted.

In the Motions, Defendants ask me to review the Affidavit and the *Curriculum Vitae* submitted therewith *in camera* to determine whether they comply with the requirements of 18 *Del. C.* §6853(a)(1) and (c) and 11 *Del. C.* §6854 with respect to each of Defendants, rather than Defendants collectively. Furthermore, to the extent the basis of the claim against Beebe is vicarious liability as agent for the conduct of the Anesthesia Providers, an adequate Affidavit of Merit is required to sustain the claim against the Anesthesia Providers as principal, whereas any claims of Beebe's

2

independent medical negligence require their own statutorily sufficient Affidavit of Merit.

Specifically, the Motions ask me to confirm the following:

1. The Affidavit is signed by an expert witness;

2. The Affidavit is accompanied by the expert's *Curriculum Vitae*;

3. Affiant opines that there are reasonable grounds to believe that there has been a breach in the applicable standard of care by Defendants;

4. The *Curriculum Vitae* attached to the Affidavit establishes that the expert was licensed to practice medicine as of the date of the Affidavit; and,

5. The *Curriculum Vitae* attached to the Affidavit establishes that the expert, for the three years immediately preceding the alleged negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar filed of medicine as that of the Anesthesiology Providers -- anesthesiology.

I have reviewed the Affidavit and determined that it satisfies the requirements of the statute in certain respects but does not satisfy the requirements of the statute in other respects, as follows:

1. An expert witness, who is a Nurse Practitioner, has signed the Affidavit;

2. The Affidavit is accompanied by a *Curriculum Vitae* of the expert witness;

3

3. The Affidavit includes an opinion that Defendants breached the applicable standard of care in this case, and that this breach was the proximate cause of the injuries alleged in the Complaint;

4. Although the *Curriculum Vitae* is not dated, it demonstrates that the expert witness was licensed to practice as a Nurse Practitioner as of the date of the Affidavit; and,

5. The *Curriculum Vitae* establishes that the expert, for the three years immediately preceding the alleged negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of nursing practice including, *inter alia*, anesthesiology.

This Court has held that a Nurse Practitioner, otherwise found to be qualified to testify at trial as an expert witness on the standard of care, is not excluded as the type of expert witness who may submit the required Affidavit of Merit pursuant to 18 *Del. C.* § 6853 simply because he is not a physician "licensed to practice medicine" pursuant to 18 *Del. C.* § 6853(c).[2] The Court has stated:

> The statute is ambiguous when applied to the instant set of facts. In the face of this ambiguity, the Court's objective is to render a sensible and practicable meaning to the statute, and one that is consistent with legislative intent, if that can be done.

---

[2] *Dougherty v. Horizon House, Inc.*, 2008 WL 3488532 (Del. Super. June 25, 2008); *see also Cousineau v. Christiana Care Health Services, Inc.*, 2009 WL 406821 (Del. Super. Jan. 9, 2009), *Cox v. Bayhealth Medical Center Inc.*, 2020 WL 2108132 (Del. Super. April 30, 2020), *Zawask v. Christiana Care Health Services, Inc.*, 2020 WL 3866512 (Del. Super. July 7, 2020).

4

This objective is met by the Court's holding in this case that 18 *Del. C.* § 6853(c), insofar as it requires an Affidavit of Merit from a physician "licensed to practice medicine," may not be applicable in a case, such as this case, *where no claim against an individual healthcare provider is asserted.* Where, as in the instant case, an expert is qualified to testify as to the standard of care and as to causation, but is not "licensed to practice medicine," then that provision of 18 *Del. C.* § 6853(c) is inapplicable. [Emphasis supplied.][3]

In other words, a Nurse Practitioner can submit an Affidavit of Merit regarding the field in which he practices, but not in a different field, such as that of an individual physician.

In this case, there are claims against a registered nurse, a physician, an anesthesia practice, and a healthcare company. John Pearson would be able to testify at trial as an expert witness on the standard of nursing care provided, and may provide an Affidavit of Merit as to the registered nurse and the corporate defendants. However, he does not qualify as an expert witness at trial on the standard of care for a medical doctor, and may not provide an Affidavit of Merit as to the physician defendant.

Since the Complaint alleges acts of negligence concerning the conduct of a physician, and since the Affidavit and the accompanying *Curriculum Vitae* do not demonstrate that the expert has expertise beyond that of a Nurse Practitioner, as to those allegations the Affidavit is deficient.

---

[3] *Dougherty v. Horizon House, Inc.*, at *5.

Within 30 days of the date of this Order, plaintiffs are given leave to file amended and/or supplemental affidavits that address the deficiencies outlined herein. Failure to file an amended and/or supplemental affidavit will subject this case to being dismissed as to Dr. Knowlton and any claims of physician malpractice.

**IT IS SO ORDERED.**

/s/ Craig A. Karsnitz
Craig A. Karsnitz

cc:     Prothonotary